# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS, | CASE NO. 1:11-cv–00353-BAM PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| M. D. BITER, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.   Screening Requirement**

Plaintiff Quincy Sims is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed March 2, 2011. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

1

Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

## II.   Discussion

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Kern Valley State Prison.  Plaintiff filed an inmate appeal on December 16, 2010, requesting that he be allowed to change his name for religious reasons.  Plaintiff's appeal was screened out advising him that he needed to submit a inmate request and letter to the warden to obtain a name change.  Plaintiff submitted a request to Defendant Biter and did not receive a response prior to filing suit.  Plaintiff brings this action against Defendant Biter seeking an injunction requiring KVSP to allow Plaintiff to change his name.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner.  Booth v. Churner, 532 U.S. 731, 741 (2001).  Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court."  Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006)).

The Court takes judicial notice of the fact that the CDCR has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2008).  The process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81 (2006).

1  "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."
2  Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)).
3  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards,
4  nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S.
5  at 739 n.5). There is no exception to the exhaustion requirement for imminent harm. If the court
6  concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is
7  dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira,
8  427 F.3d at 1171. Because Plaintiff did not filed an administrative grievance regarding the failure
9  of Defendant Biter to respond to his request, it is clear from the face of Plaintiff's complaint that he
10 has not yet exhausted the administrative grievance procedure, and this action must be dismissed. 42
11 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession
12 to nonexhaustion is a valid grounds for dismissal . . . ."); see also Davis v. Pineda, 347 Fed.Appx. 343
13 (9th Cir. 2009) (unpublished).

**III.    Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Plaintiff show cause why this action should not be dismissed for failure to exhaust administrative remedies within thirty (30) days of the date of service of this order. Failure to follow this order will result in the action being dismissed, without prejudice, for failure to comply with the order of the Court.

IT IS SO ORDERED.

Dated:   March 7, 2012            /s/ Barbara A. McAuliffe
                                  UNITED STATES MAGISTRATE JUDGE