# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. D. BITER,<br><br>　　　　　Defendant. | Case No.: 1:11-cv-00353-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT BITER'S MOTION TO DISMISS BE GRANTED; DEFENDANT BITER'S MOTION TO STRIKE PLAINTIFF'S SURREPLY BE GRANTED; AND PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO STRIKE BE DENIED<br>(ECF Nos. 22, 33, 34)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

### **Findings and Recommendations**

### **I.   Procedural History**

Plaintiff Quincy Sims ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 2, 2011. On April 27, 2012, pursuant to 28 U.S.C. § 1915A, the Court issued an order that this action shall proceed against Defendant Biter for violation of the First Amendment. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

1

On September 20, 2012, Defendant Biter filed a motion to dismiss for failure to exhaust. Fed. R. Civ. P. 12(b). Plaintiff filed an opposition on November 13, 2012. Defendant filed a reply on November 21, 2012. Plaintiff filed a surreply to Defendant's reply on December 17, 2012. Defendant filed a motion to strike the surreply on December 19, 2012. Plaintiff filed a motion to strike Defendant's motion to strike on January 7, 2013. The motion to dismiss for failure to exhaust has been deemed submitted. Local Rule 230(l).

## II. Defendant's Motion to Strike Plaintiff's Surreply

On September 20, 2012, Defendant filed a motion to dismiss the action based on Plaintiff's failure to exhaust administrative remedies. Plaintiff opposed the motion on November 13, 2012, and Defendant replied on November 21, 2012. Plaintiff filed a surreply on December 17, 2012. Defendant now moves to strike Plaintiff's surreply, arguing that it is not authorized by the Federal Rules of Civil Procedure or the Local Rules of this Court.

Plaintiff did not seek leave of Court to file a surreply and the Local Rules of this Court governing motions in prisoner cases do not provide for the submission of a surreply. Local Rule 230(l). The Court therefore finds that Plaintiff's surreply is not authorized and should be stricken from the record. Accordingly, the Court recommends that Defendant's motion to strike be granted.

## III. Plaintiff's Motion to Strike Defendant's Motion to Strike

On January 7, 2013, Plaintiff filed a motion to strike Defendant's motion to strike Plaintiff's unauthorized surreply. Plaintiff contends that Defendant's motion should be dismissed because there is nothing in the Local Rules preventing Plaintiff from filing a surreply. As noted above, the Local Rules do not contemplate the filing of a surreply. Local Rule 230(l). Plaintiff has not provided the Court with any basis to strike Defendant's motion. Accordingly, the Court recommends that Plaintiff's motion to strike be denied.

## IV. Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies

### A. Legal Standard

Defendant argues that Plaintiff failed to exhaust his administrative remedies in compliance with 42 U.S.C. § 1997e(a), subjecting the action to dismissal. Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison

1  conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail,
2  prison, or other correctional facility until such administrative remedies as are available are exhausted."
3  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief
4  offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement
5  applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

6  The California Department of Corrections and Rehabilitation has an administrative grievance
7  system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by
8  submitting a CDCR Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the
9  informal level, first formal level, second formal level, and third formal level, also known as the
10 "Director's Level." Id. at § 3084.7. Appeals must be submitted within thirty calendar days of the
11 event being appealed, and the process is initiated by submission of the appeal to the informal level, or
12 in some circumstances, the first formal level. Id. at §§ 3084.7, 3084.8.

13 Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense
14 under which Defendant has the burden of raising and proving the absence of exhaustion. Jones v.
15 Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.
16 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject
17 to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at
18 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir.
19 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies,
20 the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-
21 20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper
22 remedy is dismissal without prejudice. Id.

23       **B.**    **Discussion**
24          **1.**    **Plaintiff's Claim**

25 Plaintiff alleges that on December 16, 2010, he petitioned Kern Valley State Prison to be
26 allowed to change his name for religious reasons. Plaintiff submitted an Appeal Form 602 requesting
27 a name change. (ECF No. 1, p. 3 and Ex. B.) Plaintiff's appeal was screened out and he was advised
28 to submit a GA-22 inmate request and/or letter to Warden Biter. (ECF No. 1, p. 3 and Ex. A.)

Plaintiff complied and submitted a GA-22 inmate request to Warden Biter.  As of the date of his complaint, Warden Biter had not responded to Plaintiff's inmate request.  Plaintiff asserts that Warden Biter is denying Plaintiff the freedom to practice his religion in violation of the First Amendment.

### 2. Exhaustion of First Amendment Claim

#### a. Summary of Relevant Appeals

Plaintiff filed an appeal on December 16, 2010, in which he requested Kern Valley State Prison to allow him a name change for religious reasons.  (ECF No. 1, Ex. B.)  On December 22, 2010, Plaintiff's appeal was screened out at the informal level.  Plaintiff was advised to submit a GA-22, Inmate Request for Interview form, or letter to the Warden.  (ECF No. 1, Ex. A.)  On December 23, 2010, Plaintiff submitted form GA-22 to the Warden requesting an interview in order to obtain permission for a religion-based legal name change.[1]  (ECF No. 22-2, Ex. A.)  On January 11, 2011, Plaintiff submitted a GA-22 form to the Institutional Appeals Coordinator at Kern Valley State Prison.  Plaintiff explained that he had submitted a form GA-22 to the Warden for a religious-based name change and the Warden had not yet responded to his request.  Plaintiff further explained that he desired to forgo the administrative appeal process and that he had filed a petition for writ of habeas corpus seeking a court order that he be permitted to change his name.  (ECF No. 12, Ex. B.)  On January 21, 2011, Plaintiff's habeas action was docketed in the United States District Court, Eastern District of California as <u>Sims v. Biter</u>, case no. 1:11-cv-00106-JLT-HC.[2]  On January 21, 2011, the Appeals Coordinator screened out Plaintiff's GA-22 form and again informed Plaintiff that he should submit a GA-22 form or letter to the Warden.  (ECF No. 12, Ex. C.)  On February 17, 2011, Plaintiff's habeas corpus petition in <u>Sims v. Biter</u>, 1:11-cv-00106-JLT was dismissed.  The habeas court informed Plaintiff that to pursue his claim for religious name change he should file a civil rights complaint pursuant to 42 U.S.C. § 1983.  On March 2, 2011, Plaintiff initiated the instant civil rights action.  (ECF No. 1.)

---

[1] Plaintiff bases his First Amendment claim on Defendant Biter's failure to respond to the GA-22 form. Accordingly, this document is properly considered under the doctrine of incorporation by reference. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

[2] Defendant requests that the Court take judicial notice of official court documents in Plaintiff's habeas action. (ECF No. 22-7.)  A court is permitted to take judicial notice of court records.  Fed. R. Evid. 201; Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2002).  Accordingly, Defendant's request for judicial notice is GRANTED.

### b.     Summary of Arguments

Defendant argues that Plaintiff did not pursue or even attempt to exhaust available administrative remedies regarding the allegations in his complaint before bringing this action. Defendant also argues that Plaintiff should not be excused from the PLRA exhaustion requirement given that Plaintiff expressly stated that he wished to forgo his administrative remedies and instead pursue an immediate habeas action. Defendant asserts that if Plaintiff wished to exhaust his claim that Warden Biter failed to respond to his GA-22, then Plaintiff should have filed a form 602 so that Kern Valley State Prison could resolve the issue.

Plaintiff counters that the Court ruled in his favor on the exhaustion issue when it discharged its order to show cause on April 27, 2012. (ECF No. 14.) Plaintiff contends that he was prevented from exhausting his administrative remedies because appeal was continuously screened out and Warden Biter did not respond to his GA-22. Plaintiff also asks the Court to dismiss the frivolous declarations of B. DaViega and J.D. Lozano submitted in support of the motion to dismiss. Plaintiff claims that B. DaViega did not allow Plaintiff's appeal to proceed past the first level screening process, making it impossible for Plaintiff to exhaust his administrative remedies. Plaintiff also claims that Defendant's motion to dismiss is frivolous because it is full of excuses about what Plaintiff should have done. Plaintiff asserts that he took reasonable and appropriate steps to exhaust his administrative remedies, but his appeal was not processed. Plaintiff believes the evidence cited by Defendant is frivolous and notes that his habeas petition was not dismissed for failure to exhaust administrative remedies.

### c.     Discharged Order to Show Cause

On March 7, 2012, the Court issued an order requiring Plaintiff to show cause why this action should not be dismissed for Plaintiff's failure to exhaust his administrative remedies. (ECF No. 8.) Plaintiff submitted his response to the order to show cause on April 25, 2012. (ECF No. 12.) On April 27, 2012, the Court discharged the order to show cause based on Plaintiff's claim that he was obstructed from exhausting his administrative remedies. However, the Court expressly stated that "[s]ince Defendants have not had an opportunity to respond, the Court does not make the finding that Plaintiff was obstructed from exhausting his administrative remedies." (ECF No. 14, p. 2 n. 1.)

1  Contrary to Plaintiff's assertion, the Court's discharge order did not make a finding that
2  Plaintiff took reasonable and appropriate steps to exhaust his administrative remedies and was unable
3  to exhaust through no fault of his own. Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010)
4  (explaining exception to exhaustion of administrative remedies). The Court also did not make a
5  finding that Plaintiff was obstructed from exhausting his administrative remedies.

### d. Failure to Exhaust First Amendment Claim

7  The evidence submitted by Plaintiff shows that he filed an administrative appeal to obtain a
8  religious-based name change on December 16, 2010. (ECF No. 1, Ex. B.) Plaintiff's appeal was
9  screened out because the appropriate mechanism to obtain a name change required the submission of a
10 GA-22 form or letter to the Warden. (ECF No. 1, Ex. A.) Plaintiff complied with the instructions
11 from the Appeals Coordinator and submitted a GA-22 Inmate Request for Interview to Warden Biter
12 on December 23, 2010. (ECF No.22-2, Ex. A.) Less than twenty days later, and before the Warden
13 responded to the request, Plaintiff submitted a GA-22 form to the Appeals Coordinator. In the GA-22
14 form, Plaintiff complained that the Warden had not responded to his request. Plaintiff also expressly
15 stated his intent to forgo his administrative remedies and informed the Appeals Coordinator that he
16 had initiated habeas proceedings. (ECF No. 30.) The Appeals Coordinator then screened out the GA-
17 22 form and instructed Plaintiff to submit a GA-22 or letter to the Warden.

18 There is no indication in any of the evidence that Plaintiff attempted to pursue an
19 administrative appeal at any level of review concerning Warden Biter's alleged failure to respond to
20 his GA-22. Instead, Plaintiff's own evidence clearly demonstrates that he decided not to pursue the
21 administrative appeal process, choosing instead to file a lawsuit.

22 Plaintiff claims that he could not exhaust his claims because his appeal was continuously
23 screened out. The Court recognizes that the PLRA does not require exhaustion when circumstances
24 render administrative remedies "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 822 (9th
25 Cir. 2010). Administrative remedies may be rendered unavailable where an inmate's administrative
26 grievance is improperly screened. Id. at 823. An inmate may be excused from the exhaustion
27 requirement where the inmate took "reasonable and appropriate steps to exhaust his claim," yet was
28 precluded from exhausting through no fault of his own. Nunez, 591 F.3d at 1224.

6

In this instance, Plaintiff's express decision to forego his administrative remedies precludes a finding that he took reasonable and appropriate steps to exhaust his claim, but was somehow obstructed from doing so through no fault of his own. It also precludes a finding that his administrative appeal was improperly screened or that his administrative remedies were "effectively unavailable." Plaintiff's remaining arguments regarding the frivolous nature of the submitted declarations and the motion to dismiss are unavailing.

In conclusion, the Court recommends dismissal of Plaintiff's action on the grounds that Plaintiff has not submitted any evidence of claim exhaustion, any evidence that he took reasonable and appropriate steps to exhaust his claim, but was prevented from doing so through no fault of his own, or any evidence that his administrative appeal was improperly screened.

### V. Conclusion and Recommendations

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1. Defendant's motion to strike Plaintiff's surreply be GRANTED;
2. Plaintiff's motion to strike Defendant's motion to strike Plaintiff's surreply be DENIED;
3. Defendant's motion to dismiss for failure to exhaust administrative remedies be GRANTED; and
4. This action be DISMISSED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 11, 2013**                      /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE